IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOM TOBIN, | ) | |
| | ) | 2022 C 7080 |
| Plaintiff, | ) | |
| | ) | Judge Thomas Durkin |
| vs. | ) | |
| | ) | Magistrate Gabriel Fuentes |
| CHRISTIAN MCLEOD, *et. al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### CITY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, Christian McLeod, Hector Alfaro, Kimball Suen, Greg Jacobson, Michael Perricone, Lawrence Herhold, Joel Roman, Johnathan Centeno, Joshua Pausha, Jay Wojtasik, Sherry Alvarez-Pena, Paul Kane, Chris Papaioannou, Timothy Drews (hereinafter "Defendant Officers") and City of Chicago (hereinafter collectively referred to as "City Defendants") by and through their attorney, Carolyn M. Nevin, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this honorable Court to dismiss Plaintiff's Complaint (hereinafter "Complaint"). In support thereof, City Defendants states as follows:

### INTRODUCTION

Plaintiff brings the following claims: one count of false arrest against the Defendant Officers (Count I), one count of excessive force against the Defendant Officers (Count II), two counts of failure to intervene for false arrest and excessive force, respectively, against the Defendant Officers (Counts III and IV), one count of illegal search against the Defendant Officers (Count V), one count of civil conspiracy against the Defendant Officers and Hospital Defendants (Count VI), one count of state law *respondeat superior* against the City of Chicago (Count VII) and one count of state law indemnification (Count VIII). Plaintiff alleges in his Complaint that on December 16, 2020, he was

1

asleep in his apartment located at 2326 W Giddings St., Chicago, Illinois when Defendant Officers knocked on his front door without an arrest or search warrant, pointed AK-47 weapons at him, and tightly handcuffed him with his hands behind his back despite having a dislocated right shoulder. (ECF No. 1 ¶¶ 7-11). According to Plaintiff, he was then taken downstairs where he refused medical treatment by an ambulance, but nonetheless Defendants illegally seized and arrested him without probable cause and transported him to Illinois Masonic Medical Center. *Id.* at ¶¶12-13. Plaintiff further alleges that at Illinois Masonic Medical Center Defendants Byrne and Tselepis signed a Petition for Involuntary Commitment against Plaintiff, causing Plaintiff to remain in custody of Illinois Masonic Medical Center until December 18, 2020, when he was released from custody and returned home to his apartment in disarray. *Id.* at ¶¶ 14-16.

This Court should grant Defendants' Motion and dismiss the Complaint in its entirety. Plaintiff has failed to state a claim for false arrest and excessive force; therefore, its derivative failure to intervene claim also cannot stand. Even if this Court finds otherwise, it should still dismiss those claims and the remaining § 1983 claims because the Complaint does not give enough detail to put Defendant Officers on notice of the claims against them and does not satisfy the personal involvement prerequisite for § 1983 claims. Further, the factual allegations in the complaint also fail to state a claim for failure to intervene and conspiracy and thus, the *respondeat superior* and indemnification claims also cannot survive.

## LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded

2

facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption: "A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

## ARGUMENT

### I. This Court Should Dismiss Counts I-VI Because the Complaint Does Not Comply with Rule 8's Notice Requirement and Section 1983's Personal Involvement Requirement

#### a. The Complaint is Deficient Under FRCP 8

Throughout his Complaint, Plaintiff improperly uses "group pleading" rather than setting forth allegations as to what each individual officer allegedly did or how each officer is purportedly involved in the alleged misconduct. In fact, throughout the Complaint, Plaintiff consistently uses the word "defendants" even though there are three non-police related defendants. (See ECF No. 1 ¶¶ 8-10, 13, 18-21, 24-26, 28-31, 33-36, 39-40). Plaintiff's group pleading is insufficient because it fails to put *any* defendant on notice as to which claims and alleged actions they must defend themselves against and also fails to adequately allege each Defendant Officer's alleged personal involvement. Although group pleading does not automatically violate Rule 8 of the Federal Rules of Civil Procedure, it does violate that rule if it fails to provide sufficient detail to put a defendant on notice of the claims against them. *Lattimore v. Vill. of Streamwood*, No. 17-cv-8683, 2018 WL 2183991 at *4 (N.D. Ill. May 11, 2018) (citing *Marposs Societa Per Azioni v. Jenoptik Auto. N. Am., LLC*, 262 F. Supp. 3d 611, 618 (N.D. Ill. 2017)). In other words, group pleading is inappropriate when a plaintiff has failed to set forth any allegations as to whether each defendant actually engaged in the alleged conduct.

3

"Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars." *Atkins v. Hasan*, No. 15-cv-203, 2015 WL 3862724 at *2 (N.D. Ill. June 22, 2015) (*citing Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)) (emphasis in original); see also *Choyce v. Friar*, No. 08-cv-202, 2008 WL 2567037 at * 3 (N.D. Ill. June 24, 2008) (granting motion to dismiss because "the identities of the actual officers that were plausibly involved in [the plaintiff's] claims is a necessary fact that must be pled in order to properly put these individual Defendants on notice of the claims brought against them").

"[A]llegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them." See *Liera v. City of Chi.,* No. 13-cv-9032, 2014 WL 3921359, at *3 (N.D. Ill. Aug. 5, 2015) (dismissing plaintiff's complaint against 32 unspecified defendant officers because plaintiff was only able to match allegations of specific conduct to three of the 35 defendant officers and, therefore, the unspecified defendant officers were not put on notice as to which actions plaintiff alleged they committed); *see also Martinez v. City of Chicago*, No. 09-cv-5938, ECF No. 50 (N.D. Ill. Sept. 8, 2010) (dismissing first amended complaint against 24 police officers because it failed to provide notice to the officers regarding which claims were brought against them since it did not provide any facts as to those officers' involvement and "Section 1983 liability must be predicated on personal involvement").

A complaint does not provide sufficient notice of the alleged misconduct when it refers to multiple police officer defendants as "defendant officers" in each factual allegation. *Carter v. Dolan*, No. 08-cv-7464, 2009 WL 1809917, at *3 (N.D. Ill. June 25, 2009). In *Carter*, the plaintiff's amended complaint was dismissed because she had merely substituted the collective identifier "Defendant Officers" with the names of all nine defendant officers. *Id.* The *Carter* court explained that the substitution was "a distinction without a difference" because the plaintiff failed to identify the

4

individual conduct of each defendant officer. *Id.*; *see also Polk v. Braun*, No. 19-cv-3756, ECF No. 34 (N.D. Ill. Oct. 22, 2019) (ordering "Plaintiffs' counsel to file a statement explaining the factual basis for naming each of the twenty-two individual police officer Defendants…[which] shall address each separate Defendant, one by one, and recite facts that support their inclusion").

Similar to the above cases, Plaintiff's Complaint does not put the Defendant Officers on notice as to which claims are brought against them. Rather, Plaintiff merely pleads his claims generally against all Defendants. For example, in Count I, Plaintiff claims that Defendants – all fourteen of them – plus two hospital workers, illegally seized and/or falsely arrested Plaintiff. (ECF No. 1 ¶¶ 18-21.) Presumably, not all fourteen Defendant Officers handcuffed Plaintiff and surely there were no hospital workers present when this handcuffing occurred. Further, similar to *Carter,* Plaintiff merely substitutes the collective identifier "defendants" with the names of all fourteen defendant officers in his excessive force, illegal search, and civil conspiracy allegations. *Id.* at ¶¶ 23, 38, 42. This type of pleading forces the officers to speculate as to which claims, if any, they must defend themselves. See *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (observing that where a complaint alleges that "one or more of the Defendants" has engaged in certain conduct, such vague phrasing "does not adequately connect specific defendants to illegal acts"). Thus, Plaintiff's Complaint should be dismissed because it is based on a theory of collective responsibility despite the fact that "each [Defendant Officer] is entitled to know what he or she did that is asserted to be wrongful" since liability is personal. *Knight*, 725 F.3d at 818.

### b. The Complaint Does Not Satisfy Section 1983's Personal Involvement Requirement

Not only is Plaintiff's group pleading deficient because it fails to put the individual officers on notice as to what claims they are defending against, it also fails to satisfy the personal involvement requisite for Section 1983 claims. "Section 1983 creates a cause of action based on personal liability

5

and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original); *Brooks v. Ross*, No. 08-cv-2417, 2008 WL 5082995 at *7 (N.D. Ill. Nov. 25, 2008) (*quoting Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (citation omitted) (granting motion to dismiss as plaintiff failed to plead the required element of personal responsibility). When bringing his § 1983 claims, Plaintiff must plead allegations establishing that each officer was personally involved in the alleged constitutional violation in order to impose § 1983 liability. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *see also Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984) ("[i]ndividual liability for damages under [§ 1983] is predicated upon personal responsibility.") To survive a motion to dismiss, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the **defendant** is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Since Plaintiff alleges a deprivation of his constitutional rights generally against all defendants, not even just the Defendant Officers, he has failed to allege the "element of personal involvement necessary for individual liability under section 1983." *Brown v. Ill. Dept. of Public Aid*, 318 F. Supp. 2d 696, 700 (N.D. Ill. 2004); *Fields v. City of Chicago*, No. 10-cv-1168, 2014 WL 477394, at *8 (N.D. Ill. Feb. 6, 2014).

Plaintiff's Complaint is bereft of any factual allegation showing that the Defendant Officers were each personally involved in the alleged misconduct. Instead, Plaintiff simply makes allegations collectively against "Defendants," including the hospital defendants. Such pleading is insufficient. Plaintiff's bare allegations are insufficient as they are conclusory and do not allege that *any* of the officers had any personal involvement in *any* alleged misconduct. Accordingly, this Court should dismiss Plaintiff's complaint pursuant to Section 1983's personal involvement requirement and Rule 8 of the Federal Rules of Civil Procedure because it fails to set forth a right to relief against each Defendant Officer.

II. **The False Arrest Claim in Count I and its Derivative Claim of Failure to Intervene Count III Should be Dismissed.**

Additionally, the Court should dismiss Plaintiff's false arrest claim because the Complaint does not allege sufficient facts to state a claim. To begin, there are no allegations contained in the Complaint that Plaintiff was ever arrested, charged with a crime, or subject to criminal judicial proceedings for the incident that occurred on December 16, 2020. Nor does Plaintiff allege that he was arrested without legal process. A civil commitment to a mental health hospital is not an arrest, although they share similar qualities. A civil commitment is a seizure, and may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard. *Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992). Like an arrest, a civil commitment is a seizure implicating the Fourth Amendment, and may only be made upon probable cause. *Dobrzeniecki v. Salisbury*, No. 11 C 7956, 2012 WL 1531278, at *5 (N.D. Ill. Apr. 27, 2012). Plaintiff fails to allege that he was actually arrested; thus a Fourth Amendment unlawful seizure claim, as opposed to a Fourth Amendment false arrest claim, is the appropriate claim for Plaintiff to assert. *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014).

If Count I is to be interpreted as a Fourth Amendment unlawful seizure/detention claim it also fails because the Defendant officers had probable cause to detain him. Seizures made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's "probable cause" standard. *Fitzgerald v. Santoro,* 707 F.3d 725, 732 (7th Cir. 2013). Probable cause exists "only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard" *Id.;\* (citing *Abrams*, 972 F.2d at 795). In Illinois, the governing legal standard is 405 ILCS 5/3-606:

> "A peace officer may take a person into custody and transport him to a mental health facility when the peace officer has reasonable grounds to believe that the person is subject to involuntary admission on an inpatient basis and in need of immediate

hospitalization to protect such person or others from physical harm. Upon arrival at the facility, the peace officer may complete the petition under Section 3-601."

Generally speaking, a mental-health seizure is lawful if there is probable cause to believe that the person seized is a danger to herself or others. *Bruce v. Guernsey*, 777 F.3d 872, 876 (7th Cir. 2015). Probable cause is "an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause to hospitalize a person against his will exists where facts and circumstances within a police officer's knowledge and of which the officer had reasonably trustworthy information are sufficient in themselves to warrant an individual of reasonable caution in belief that immediate danger exists of that person hurting herself or others. *Baltz v. Shelley*, 661 F. Supp. 169, 179 (N.D. Ill. 1987). A police officer need not personally witness the behavior giving rise to the probable cause. *Guernsey*, 777 F.3d at 876.

Here, Plaintiff pleads himself out of court by acknowledging that two-hospital workers, Defendants Byrne and Tselepis, signed a Petition for Involuntary Admission. (See ECF No. 1 ¶ 14.) Procedurally, the Mental Health Code allows a patient to be involuntarily admitted once an adult presents a petition with a "detailed statement" setting forth the reasons the patient is subject to immediate involuntary admission to the director of a mental health facility. 405 ILCS 5/3-601(b)(1). A petition for emergency involuntary admission must be accompanied by the certificate of a physician, psychiatrist, or other qualified examiner who examined the patient within the previous 72 hours and determined that the patient is subject to involuntary admission on an inpatient basis and requires immediate hospitalization. *Id.* § 3-602. Therefore, there was probable cause to seize Plaintiff. Here, employees of Illinois Masonic Hospital evaluated Plaintiff and opined that he was dangerous to himself or others and signed a petition for involuntary admission. (See ECF No. 1 ¶¶ 14-15.) There are no allegations that Defendant Officers signed the petition for involuntary admission or were even

8

involved in the process absent transporting him to the hospital pursuant to § 3-606. As the Mental Heath Code was followed, and Plaintiff was evaluated by competent professionals who formed a judgment that Plaintiff needed to be committed for a brief period of time, it follows that Defendant Officers had reasonable grounds to believe that Plaintiff was subject to involuntary admission on an inpatient basis and in need of immediate hospitalization to protect such person or others from physical harm. Therefore, as Defendant Officers had probable cause to seize Plaintiff, Count I should be dismissed.

It follows that Count III should also dismissed since an underlying constitutional violation is necessary for a failure to intervene claim. See *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir.2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). Here, since Plaintiff was not arrested, nor illegally seized, there cannot be a failure to intervene claim and Count III must be dismissed.

### III. Plaintiff has failed to plead his failure to intervene claims (counts III and IV) against Defendant Officers

In raising a § 1983 claim for failure to intervene, Plaintiff must allege **facts** to show that the officers had reason to know that a constitutional violation was about to be or was being committed and that the officers had "a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Plaintiff's complaint, even taken in the light most favorable to Plaintiff, fails to plead any facts to show that **any** of the Defendant Officers knew that a constitutional violation was occurring or about to occur and that they had a realistic opportunity to intervene. In fact, Plaintiff merely states "defendants" and fails to name a single defendant by name nor even delineate the individual Defendant Officers accused of this constitutional violation.

9

Plaintiff's failure to intervene claims (Counts III and IV), merely state: "[d]efendants, failed to intervene although they were present and knew their fellow officer Defendants illegally seized Plaintiff Tobin, and did not take reasonable measures to intervene during the illegal seizure despite having an opportunity to intervene," "[d]efendants, failed to intervene although they were present and knew that Defendants were using excessive force against Plaintiff Tobin, and did not take reasonable measures to intervene during the excessive force despite having the opportunity to intervene," and "[u]nder the totality of the circumstances Defendants, failure to intervene during the excessive use of force was in violation of the Fourth and Fourteenth Amendment Rights of the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983." (ECF No. 1 at ¶¶ 28, 33-34.) This language alone is woefully inadequate to raise a claim for failure to intervene. Plaintiff must plead some facts in support of a claim and cannot merely rely on a recitation of the claim's elements.

"A complaint must allege *facts* to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (emphasis added). In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, courts accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Iqbal*, 556 U.S. at 680. After excising the allegations not entitled to the presumption, courts determine whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. If the allegations give rise to an "obvious alternative explanation" (*Iqbal*, 556 U.S. at 682), then the complaint "stops short of the line between possibility and plausibility of entitlement to relief" (*Twombly*, 550 U.S. at 557). Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Applying this to Plaintiff's Complaint at hand, the failure to intervene claim against Defendants must fail because there are no factual allegations to support it. Once the formulaic recitation of the elements of the claim in paragraphs 28, 33, and 34 are disregarded, there are no facts for the court to consider in support of this claim.

Further, as stated *supra*, if the Court grants Defendants' Motion on Counts I, II, and V, then the failure to intervene claims must also be dismissed as there is no underlying constitutional violation. There can be no constitutionally impermissible failure to intervene if there is no constitutional violation compelling intervention. *Fillmore v. Page*, 358 F. 3d 496, 508 (7th Cir. 2004). As such, Plaintiff's failure to intervene claims (Counts III and IV) should be dismissed.

**IV. Plaintiff's Conspiracy Claim is Inadequately Pled**

Plaintiff's conspiracy claim (Count VI) must fail as Plaintiff has failed to state a claim and there cannot be a conspiracy as no constitutional violation occurred and conspiracy is not an independent basis of liability under Section 1983. Under Section 1983, civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, "the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). To establish conspiracy under Section 1983, a plaintiff **must show** that (1) a state official and private individual(s) reached an understanding to deprive plaintiff of his constitutional rights; and (2) those individual(s) were willful participants in joint activity with the State or its agents. *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011) (quoting *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003))(emphasis added); *Accord, e.g., Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010). A prerequisite to recover under a Section 1983 conspiracy theory is that the alleged conspiracy deprived the plaintiff of a constitutional right. Conspiracy is not an independent basis of liability under § 1983. *Drager v. Village of Bellwood*, 969 F.Supp. 2d 971, 983

(N.D. Ill. 2013). There must be an underlying constitutional injury, or the conspiracy claim fails. *Id.* As the Seventh Circuit has made clear, conspiracy is not an independent basis of liability in Sec. 1983 actions. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Accord, e.g., Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).

Plaintiff's alleged conspiracy consists of: (1) that Defendants, all fourteen Defendant Officers, plus two hospital workers "agreed to violate his constitutional rights by illegally seizing, falsely arresting and illegally detaining him at the hospital for three days knowing they did not have probable cause to do so." (ECF No. 1 at ¶42). Plaintiff's speculative pleading of his conspiracy claim is insufficient. His allegation consists solely of unsubstantiated claims without any factual support. Since a claim of conspiracy is "too facile an allegation," courts have crafted a "narrow exception to the notice-pleading standard" of the Federal Rules of Civil Procedure. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). "[M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him [is] not enough." *Id.* at 971. At the very least, a conspiracy complaint must allege the parties to the conspiracy, the general purpose of the conspiracy, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Here, there are no specific dates, no "overt acts," and no indication of who was specifically involved. See *Andrews v. Burge*, 660 F. Supp. 2d 868, 881 (N.D. Ill. 2009) (dismissing vague federal and state conspiracy claims, and noting such a claim "adds nothing of value"); *Yates v. Hilderbrand*, No. 09-372-GPM, 2009 WL 4788914 at *3 (S.D. Ill. Dec. 9, 2009) (insufficient conspiracy allegation where merely "unlawful agreement with some state actor"). Instead, Plaintiff makes conclusory statements speculating that unidentified officers along with hospital workers conspired to unlawfully seize, arrest, and detain Plaintiff. (ECF No. 1 at ¶42). Because Plaintiff fails to state an actionable conspiracy claim, that claim must be dismissed. Further, as discussed above, Plaintiff's other claims fail and conspiracy

is derivative of a constitutional violation. Defendant's cannot conspire if they did not violate Plaintiff's constitutional rights; therefore, this Court should dismiss Count VI with prejudice.

**V. This Court Should Dismiss Counts VII-VIII Because the Complaint Fails to State an Underlying Claim**

Plaintiff's claims against the City for indemnification and *respondeat superior* must also fail as "[a] local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable." 745 ILCS 10/2-109. *Ross v. Mauro Chev.,* 369 Ill. App. 3d 794, 802-803, 861 N.E.2d 313, 320 (1st Dist. 2006); *Turner v. M.B. Financial Bank*, 2017 WL 4390367 at *6 (N.D. Ill., Oct. 3, 2017)(without underlying cause of action, no legal claim against principal); *Bachenski v. Malnati,* 11 F.3d 1371, 1377-78 (7th Cir. 1993). As argued above (*Supra* at I-IV), plaintiff's false arrest, excessive force, failure to intervene-false arrest, failure to intervene-excessive force, illegal search, and civil conspiracy claims fail, and, as a result, the City cannot be held liable to plaintiff on his indemnification or *respondeat* claims.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that this Court grant their MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6) and dismiss the complaint with prejudice as to Defendant Officers and the City of Chicago.

DATED: February 27, 2023

                                                Respectfully submitted,

                              BY:    */s/ Carolyn M. Nevin*
                                            Carolyn M. Nevin
                                            Assistant Corporation Counsel

Jessica Griff, Chief Assistant Corporation Counsel
David Condron, Assistant Corporation Counsel Supervisor
Emily Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420

Chicago, Illinois 60602
312.744.6905 (Phone)
Carolyn.Nevin@cityofchicago.org
Attorney No. 6313594
**Attorneys for City Defendants**

**CERTIFICATE OF SERVICE**

I, Carolyn M. Nevin an attorney, hereby certify that on February 27, 2023, I submitted CITY DEFENDANTS' MOTION TO DISMISS upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

*/s/ Carolyn M. Nevin*
Carolyn M. Nevin
Assistant Corporation Counsel
